IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEWIS WILEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:05-CV-1156-F |
| ) | |
| **LAMAR GLOVER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Pamela D. Miller** who is a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Pamela Miller, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.

I make this affidavit even though my name is not C. Miller as the plaintiff states in his

PAMELA MILLER - AFFIDAVIT                                                                                                    PAGE 1



complaint. The jail does not have an employee named C. Miller. In any event, my interaction with the plaintiff has been limited to the time the plaintiff was booked into the jail and I was the corrections officer that was ordered to transport the plaintiff to segregation based on the plaintiff's refusal to comply with the jails hygiene policy and submit to a hair cut. When the plaintiff was booked into the jail by another officer working with me, the plaintiff was informed of the hygiene policy and at that time the plaintiff said that you might as well go ahead and put me on "lock down" because "I am not cutting my d - - - hair." At that time the plaintiff was not placed in segregation for the plaintiff as well as all other inmates in the jail have three days to consider and have their hair cut before they are placed into segregation. That was my only direct involvement in the claims made by the plaintiff in this lawsuit.

At any time there after the plaintiff could have gotten himself out of segregation merely by complying with the hygiene policy of the jail and getting his hair cut.

The general segregation area of the jail is B-Pod where inmates are housed that have been placed in disciplinary segregation, administrative segregation and protective custody segregation. B-Pod has one one man cell and nine two man cells. The plaintiff was housed in one of the two man cells in B-Pod.

Except for inmates in protective custody segregation, inmates in B-Pod have their mattresses and bedding taken from them at 7:00 a.m. each morning and it is returned to them at 7:00 p.m. each evening. At no time was the plaintiff forced to sleep without his mattress at night.

The inmates in B-Pod are provided paper, pencil and envelopes on a weekly basis. Inmates that do not have money on their account at the jail are also provided stamps by the jail, otherwise,

the inmates are charged the face value of the postage provided to them. While in B-Pod inmates can freely talk to each other from cell to cell and when they are out of their cells they can talk to inmates that may be in other cells.

The plaintiff's continued refusal to comply with the jail's hygiene policy and allow his hair to be cut, the plaintiff was not allowed telephone or visitation privileges other than with their lawyer(s). Telephone calls from and visitation with lawyers are generally permitted at any time of the day except during meal times and even at night if requested by the attorney.

The plaintiff was at no time placed in segregation because of his religious beliefs. The plaintiff was placed in segregation solely because of his refusal to have his hair cut.

PAMELA D. MILLER

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Pamela D. Miller,** who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 8th day of February, 2006.

NOTARY PUBLIC
My Commission Expires:   12-9-2008