IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LEWIS WILEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 1:05-CV-1156-MEF |
| LAMAR GLOVER, et al., | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **William B. McCarty** of the Houston County Sheriff's Department, who is the Commander -- Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am William B. McCarty and I am the Commander -- Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since June of 2004. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case.

WILLIAM B. McCARTY AFFIDAVIT                                                        PAGE 1

EXHIBIT 4

The plaintiff is no longer incarcerated in the Houston County Jail and was sent back to the federal prison system on or about January 31, 2006.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contains the inmate instructions and jail requirements concerning hair cuts in the jail, is attached hereto as **Exhibit A** and is incorporated herein by reference as if fully set forth. Page ten (10) of said inmate rules contains the policy of the jail related to Inmate Hygiene which includes but is not limited to the length of inmates hair.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth.

I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit D**, and is incorporated herein by reference as if fully set forth.

Even though I am actively involved in the daily administration of the jail, I was not actively, directly or personally involved in the allegations made by the plaintiff in his complaint.

According to the corrections officers on duty in the jail at the time, when the plaintiff was

booked into the jail by the corrections officer on duty, the plaintiff was informed of and given a copy of the inmate rules which included a copy of the hygiene policy. At that time the plaintiff reportedly said that you might as well go ahead and put me on "lock down" because "I am not cutting my d - - - hair." At that time the plaintiff was not placed in segregation for the plaintiff as well as all other inmates in the jail have three days to consider and have their hair cut before they are placed into segregation. After three days, the plaintiff continued to refuse to comply with the hygiene policy of the jail, so he was placed in segregation at that time. At any time there after the plaintiff could have gotten himself out of segregation merely by complying with the hygiene policy of the jail and agreeing to permit his hair to be cut as required by the policy.

The general segregation area of the jail is B-Pod where inmates are housed that have been placed in disciplinary segregation, administrative segregation and protective custody segregation. B-Pod has one one man cell and nine two man cells. The plaintiff was housed in one of the two man cells in B-Pod.

Except for inmates in protective custody segregation, inmates in B-Pod have their mattresses and bedding taken from them at 7:00 a.m. each morning and it is returned to them at 7:00 p.m. each evening. At no time was the plaintiff forced to sleep without his mattress at night.

The inmates in B-Pod are provided paper, pencil and envelopes on a weekly basis. Inmates that do not have money on their account at the jail are also provided stamps by the jail, otherwise, the inmates are charged the face value of the postage provided to them. While in B-Pod inmates can freely talk to each other from cell to cell and when they are out of their cells they can talk to inmates that may be in other cells.

Because of the plaintiff's continued refusal to comply with the jail's hygiene policy and allow his hair to be cut, the plaintiff was not allowed telephone or visitation privileges other than with his lawyer(s). Telephone calls from and visitation with lawyers are generally permitted at any time of the day except during meal times and even at night if requested by the attorney.

The plaintiff was at no time placed in segregation because of his religious beliefs. The plaintiff was placed in segregation solely because of his refusal to have his hair cut.

Subject only to the usual security and safety measures, the Houston County Jail is and has always been open for clergy of all generally recognized faiths to come to the jail to hold religious services for inmates and there have been and continue to be varied types of religious services in the jail. The time and place of the exercise of an inmates religion must necessarily be regulated to the extent necessary to maintain the security, safety, good order and discipline within the jail as well as may be necessary to deal with limited space, time and personnel constraints in the jail setting. The plaintiff was at all times permitted to practice his religion in his cell during lock down times and in the open area or day room area of his Pod when he was there.

At all times material to the plaintiff's complaint, the jail staff accommodated the special dietary requirements of the plaintiff's Hebrew Israelite faith and served him meals that did not contain pork or beef. As a practical matter, the jails does not serve pork or beef at all anymore. All food products that appear to consist of such meat is in fact made from soy beans or other meat such as turkey.

I am not personally or directly involved in the provision of medical treatment to inmates in the Houston County Jail. With regard to Plaintiff's claims related to medical testing or denial of

medical treatment, the policy of the Houston County Jail is that all requests for medical treatment are forwarded to one of the nurses on duty with the expectation that appropriate and necessary medical treatment will be provided to or obtained for the inmate. I was not personally and directly involved in the provision of medical care to the Plaintiff.

In addition to the forgoing, while he was in the jail, the plaintiff was seen every day by one of the nurses when they would give out medications. The nurses on duty in the jail go onto the jail floors every day for the dispensing of medications. That was also a time when inmates had an opportunity to personally tell one of the nurses if they have a medical problem and want to be placed on the jail medical clinic list. The Inmate Rules provide the procedures for medical care for inmates incarcerated in the Houston County Jail. See Inmates Rules, Exhibit A.

Upon information and belief, the plaintiff was, during the period of time made the basis of Plaintiff's complaint, provided necessary medical testing, treatment and care while in the Houston County Jail.

With regard to plaintiff's claims related to denial of recreation, fresh air or sunlight, each day the plaintiff was provided soap, tooth brush and tooth paste and the opportunity to take a shower, brush his teeth and exercise every day. Because he was in segregation until he complied with the jail's hygiene policy, the plaintiff's activities were limited to his cell and to the day room area in the Pod where he was housed. Also, because he was in segregation until he complied with the jail's hygiene policy, the plaintiff was not permitted visitation privileges.

*[signature]*
WILLIAM B. McCARTY

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **William B. McCarty**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 8th day of February, 2006.

Deborah J. Ennis
NOTARY PUBLIC
My Commission Expires: 12-9-08