IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEWIS WILEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO.: 1:05-CV-1156-F |
| **LAMAR GLOVER, et al.,** | ) |
| **Defendants.** | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Darla Jane Speigner**, who is a Registered Nurse and is also a Certified Registered Nurse Practitioner and is employed as one of four nurses for purposes of rendering medical services and treatment for inmates at the Houston County Jail, who being by me first duly sworn, deposes and says as follows:

I am Darla Jane Speigner. I am a Certified Registered Nurse Practitioner (CRNP) in the State of Alabama and I am one of four full time nurses working in the Houston County Jail.

Unless otherwise indicated expressly or by the context herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the subject matter and a review of the Plaintiff's Houston County Jail inmate medical file in an attempt to address the allegations of Plaintiff in this case.

EXHIBIT 5

In addition to funding four full time nurse positions (one of which is a Certified Registered Nurse Practitioner), a doctor contracted as the staff doctor and a registered supervising pharmacist for the provision of medical care to inmates such as the plaintiff, the County Jail provides a general medical clinic for medical problems that may arise in the jail. The medical clinic is held daily, Monday through Friday. The clinic is staffed by the staff physician and/or the Certified Registered Nurse Practitioner under the supervision of the physician. The nurses are in the Pods three (3) times each day passing out inmate medications as well. Thus, inmates are given daily access to nursing services, hospital emergency room services, if necessary, and the general medical clinic. In addition, the nurses who work at the jail carry southern linc radio telephones and alternate being "on call" so there is generally a nurse available "on call" to the jail on a 24 hour a day, seven days a week, basis.

It is the policy of the Houston County Jail that all requests for medical treatment are forwarded to one of the nurses on duty with the expectation that appropriate and necessary medical treatment will be provided to or obtained for the inmate.

The jail medical staff is committed to providing needed medical treatment to every inmate even when the inmate is manipulative, abusive or does not cooperate in his treatment. The jail medical staff makes medical decisions based on medical needs, not the desires of the inmate.

Based on my treatment to the plaintiff and my review of the plaintiff's jail medical file, the plaintiff was, during the period of time made the basis of Plaintiff's complaint, provided all necessary medical testing, treatment and care while in the Houston County Jail. At all times alleged in Plaintiff's Complaint, he has been given and provided adequate and necessary medical treatment and has at all times relevant thereto been provided with all medically necessary medications. While in the jail, the plaintiff has been seen almost every day by one or more of the nurses in the jail including myself as the Certified Registered Nurse Practitioner or by one of the other members of

the jail medical staff.

When the plaintiff was incarcerated in the Jail, the docket office staff go over and fill out a form called the Houston County Jail Receiving Screening Form. On that form the plaintiff indicated that he had been prescribed a special diet by a physician and described the diet as "kosher food, veg diet." At the time the plaintiff was incarcerated in the jail on September 29, 2005, according to the information provided by the plaintiff himself, the jail records note that the plaintiff stated his height to be six foot one inch (6' 1") and that the inmate represented his weight to be approximately Two hundred and fifteen (215) pounds. The actual weighing of inmates does not take place until they are evaluated for the first time by the medical staff of the jail. On October 3, 2005, the plaintiff was for the first time evaluated by the medical staff of the jail and a Houston County Jail Medical Clinic Intake form was completed with regard to the plaintiff. At that time the plaintiff's actual weight was taken by the medical personnel in the jail and the plaintiff's actual weight was found to be two hundred two (202) pounds. On November 15, 2005, the plaintiff was again weighed by the medical staff and was found to weigh two hundred (200) pounds. On December 21, 2005, after the plaintiff filed his lawsuit, but before his lawsuit was received by the defendants, the plaintiff was weighed by the medical staff and found to weigh one hundred ninety nine (199) pounds. On January 3, 2006, after the plaintiff's lawsuit was received by the jail staff, the jail medical staff tried to weigh the plaintiff and the plaintiff refused to have his weight taken.

In response to plaintiff's grievances regarding his food and weight claims, I have reviewed the diet the plaintiff was provided and found it to be nutritional and also found his weight loss and gain to be within normal limits and that the plaintiff was not underweight.

In response to the plaintiff's claim of fainting and hitting his head, the medical staff at the jail at no time found any objective evidence to support such a claim. The plaintiff was at all times

provided a nutritionally balanced diet and his request for a special diet was honored by the jail staff. It became apparent, that the plaintiff wanted to arbitrarily control his diet each day and that is not allowed within the Houston County Jail.

I am one of the custodians of records of inmate medical records in the Houston County Jail. A true and correct copy of plaintiff's jail medical file relative to this case, as maintained by the jail in the ordinary course of its operations as a county jail, is attached hereto as **Exhibit "A"** and is incorporated herein by reference as if fully set forth.

For more detail relative to the medical treatment rendered to the plaintiff, please refer to the copy of his jail medical file which is attached hereto as **Exhibit "A"**.

_____
DARLA JANE SPEIGNER


STATE OF ALABAMA,

HOUSTON COUNTY.

Before me the undersigned authority, personally appeared **Darla Jane Speigner**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of her information, knowledge and belief.

Sworn to and subscribed before me on this the 8th day of February, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 12-9-2008