IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LEWIS WILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:05-CV-1156-MEF |
| | ) |
| LAMAR GLOVER, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **William B. McCarty** of the Houston County Sheriff's Department, who is the Commander -- Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am William B. McCarty and I am the Commander -- Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since June of 2004. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case.

WILLIAM B. McCARTY - SUPPLEMENTAL AFFIDAVIT                              PAGE 1


EXHIBIT 2

The plaintiff is no longer incarcerated in the Houston County Jail and was sent back to the federal prison system on or about January 31, 2006. The policies attached hereto as Exhibits were followed with regard to the Plaintiff at all times material to his complaints.

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. The plaintiff has filed numerous grievances, copies of which are contained in his jail medical file as if they relate to medical treatment and copies of which are contained in his jail inmate file as they relate to other matters. As his files reflect, the plaintiff was well versed in the filing of grievances and inmate request forms.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance were attached to my original Affidavit as Exhibit A and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations was attached to my original Affidavit as Exhibit B and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations was attached to my original Affidavit as Exhibit C and is incorporated herein by reference as if fully set forth. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business was attached to my original Affidavit as Exhibit D, and is incorporated herein by reference as if fully set forth.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail Docket Card showing that the plaintiff received a copy of the Inmate Rules are attached hereto as **Exhibit E**, and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit F**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit G** and is incorporated herein by reference as if fully set forth.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-102 of the Houston County Jail Policy and Procedure Directive relating to Access to the Courts is attached hereto as **Exhibit H** and is incorporated herein by reference as if fully set forth.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-601 of the Houston County Jail Policy and Procedure Directive relating to Inmate Correspondence is attached hereto as **Exhibit I** and is incorporated herein by reference as if fully set forth. Indigent inmates are provided two stamps, two envelopes and two sheets of paper on Wednesday of every week. Unlimited postage is made available to inmates for mail sent to the Courts.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-502 of the Houston County Jail Policy and Procedure Directive relating to

Attorney Visitation is attached hereto as **Exhibit J** and is incorporated herein by reference as if fully set forth.

I have investigated the plaintiff's complaints in this lawsuit and have found them to be without basis. Based on my investigation of the plaintiff's claims, the other corrections officers sued by the plaintiff in this case know basically the same information provided in this affidavit and their affidavits would be merely repetitions of the information contained herein.

If the weather permits, generally the inmates in the Houston County Jail are permitted outside recreation time once each week. Should the Jail be short-handed due to sick leave or heavy court days, outside exercise for all inmates may be interrupted temporarily. Also, during the winter months, outside exercise may be more limited due to weather and the fact that it gets dark so early in the afternoon. During the time the plaintiff was in segregation, the plaintiff's activities were limited to his cell and to the day room area in the Pod where he was housed. Also, while he was in segregation, the plaintiff was not permitted visitation privileges, except with his attorney(s). A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-105 of the Houston County Jail Policy and Procedure Directive relating to Inmate Exercise is attached hereto as **Exhibit K** and is incorporated herein by reference as if fully set forth.

Except for inmates in protective custody segregation, inmates who are in segregation have their mattresses and bedding taken from them at 7:00 a.m. each morning and it is returned to them at 7:00 p.m. each evening. At no time was the plaintiff forced to sleep without his mattress at night.

According to the jail records and reports from jail staff, while in the Houston County Jail the plaintiff was disciplined formally several times for various violations of the jail's rules and

regulations; however, he was never falsely disciplined and had the opportunity to appeal to the jail commander or jail administrator every disciplinary decision that was made. The plaintiff did, in fact, appeal many of his disciplinaries. I have reviewed the plaintiff's inmate file and find that the disciplinary action taken with regard to the plaintiff was warranted and is documented in his jail inmate file.

_____
WILLIAM B. McCARTY

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **William B. McCarty**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 14th day of December, 2006.

_____
NOTARY PUBLIC
My Commission Expires:    12-9-08