# HOUSTON COUNTY JAIL
## JAIL DOCKET CARD

1733

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 54722 | Wiley | Michael | Lewis | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| HCSD | 9-29-5 | | | | |

| RISK | STATUS | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|
| | | 6 | | Culver | Wilson |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 23 | 8-20-82 | 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 | B | M | 6'1 | 215 | BLK | BRN | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg C-5 | Neg JB | Neg C-5 | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| Coffee Co. | 10/28/05 347-9989 Walker | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 767 Headland Ave | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Wanda Wiley | | | 677-2139 | Mother |

**REMARKS:**

DID INMATE RECEIVE PHONE CALL? { Y }Y { }N    DID INMATE RECEIVE JAIL RULES? { }Y { }N

INMATE SIGNATURE: X Michael Wiley

INMATE SIGNATURE: X

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

**EXHIBIT E**

| INMATE # | NAME | | | | | |
|---|---|---|---|---|---|---|
| 54727 | Michael Wiley | | | | | |
| CHARGE Alias- Robbery 1st | WARRANT# | DC/TR | INDICTMENT# | CC/CS/DR 03-1795 | CONVICTION | |
| BOND Ø | Arraignment to be set | | | | | |
| CHARGE Writ RSP 1st | WARRANT# | DC/TR | INDICTMENT# 274 | CC/CS/DR | CONVICTION | |
| BOND 5,000 | 11-14-5 8:30 am | | | | | |
| CHARGE Writ RSP 1st | WARRANT# | DC/TR | INDICTMENT# 275 | CC/CS/DR | CONVICTION | |
| BOND 5,000 | | | | | | |
| CHARGE FTA- Burg 2nd | WARRANT# | DC/TR | INDICTMENT# | CC/CS/DR 03-1796 | CONVICTION | |
| BOND Ø | Arraignment to be set | | | | | |
| CHARGE RSP 1st | WARRANT# 05-13845 | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION | |
| BOND 5,000 | 10-31-5 8:30 am | | | | | |

# HOUSTON COUNTY JAIL
## DOCKET CONTINUATION CARD

| INMATE# | NAME | | | | | |
|---|---|---|---|---|---|---|
| CHARGE RSP 1st | | WARRANT# 05-13544 | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND 5,000 | | 10-31-5  830am | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |

# INMATE GRIEVANCE FORM

DATE:_____                INSTITUTION:_____

NAME:_____        INMATE NUMBER:_____

NATURE OF GRIEVANCE OR INFORMATION:
_____
_____
_____
_____
_____
_____
_____

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ? _____
_____
_____
_____
_____
_____
_____
_____

DATE HEARING: _____

COMMITTEE FINDING OR RESPONSE: _____
_____
_____
_____

REFERRED TO:_____      POSITION:_____

CHAIRMAN:_____      MEMBER:_____

MEMBER: _____      WARDEN:_____

AGREE_____  DISAGREE:_____      (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE: _____
_____
_____
_____
_____

DATE GRIEVANCE FILED:_____        TIME FILED:_____

SHIFT COMMANDER·

**EXHIBIT F**

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued: May 1, 1999                                Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request. Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.

**EXHIBIT G**

# ACCESS TO THE COURTS

Date Issued: May 1, 1999                                    Policy Number: E-102

**POLICY:**

It is the policy of the Houston County Jail that inmate access to the courts shall be governed in a manner which will assist in the provision of the legal rights of the inmate.

**PROCEDURE:**

Access of inmates to any court shall not be blocked, denied, delayed or otherwise obstructed by any member of the jail staff.

Any inmate mail addressed to any court shall be forwarded without inspection or delay.

Any court mail addressed to any inmate shall be delivered without inspection or delay.

Letters to/from any court shall not be opened by jail staff.

Negative sanctions against any inmate for correspondence with any court is prohibited.

NOTE: The term "court" is inclusive of all agents and officers of the court.

ACJS 6-001

**EXHIBIT H**

# INMATE CORRESPONDENCE

Date Issued: May 1, 1999                              Policy Number: E-601

**POLICY:**

It is the policy of the Houston County Jail to encourage the exchange of correspondence between inmates and families and others for the purpose of maintaining family ties, solving the many problems brought about by incarceration, helping maintain contact with friends and the community and to help facilitate the inmates' need for legal services.

**PROCEDURE:**

## POSTAGE AND WRITING MATERIALS

Inmates may write an unlimited amount of letters if they can pay for postage. Postage stamps will be sold through the commissary to inmates at cost, if available.

Inmates who are deemed by the Jail Administrator to be indigent may mail up to two personal letters each week with postage supplied by the jail. Unlimited postage will be given to indigent inmates for privileged mail.

At any time postage is provided for an indigent inmate, a record will be made of the amount provided and placed in the inmate's file.

Writing paper, envelopes and pencils will be made available to inmates through the commissary. Indigent inmates may obtain these items on the same basis as postage. Two stamps, two envelopes, and two sheets of paper will be provided.

## INCOMING MAIL

A member of the jail staff will receive incoming mail addressed to inmates and, except where circumstances prevent, deliver the correspondence to the inmate to whom it is addressed within 24 hours. Mail will be delivered to inmates only by a staff member and only directly to the inmate to whom it is addressed.

All correspondence addressed to an inmate which is received from an attorney, judge, court, or officer of the court may be opened only in the presence of the inmate. This mail may be examined only to determine that the shipping package does not contain contraband.

Page 1 of 3                              **EXHIBIT I**

# INMATE CORRESPONDENCE

Date Issued: May 1, 1999                                    Policy Number: E-601

General correspondence (non-privileged) may be opened and examined by a member of the jail staff before delivery to the inmate to whom it is addressed. The jail staff will not read the mail unless he/she has reason to believe it contains evidence of a threat to public safety or a threat to the order and security of the jail facility.

Any material received in the mail which advocates violence or disruption of the security of the facility, which encourages criminal sexual behavior, or which advocates racial, religious, or national hatred that could cause danger of violence in the jail will be confiscated. If there is any question regarding the acceptability of materials, the Sheriff or Jail Administrator will make the final decision.

If a jail officer confiscates contraband received in the mail, he/she shall turn it over to the Jail Administrator who in turn will determine if criminal charges will be filed or if the item will be placed in the inmate's property storage until the inmate is released.

At any time any item is confiscated from inmate mail or the mail is withheld or rejected, a written report shall be filed regarding the reasons for the action. The written report will be filed in the inmate's file and a copy given to the inmate.

Books will be accepted for inmates only if they are sent directly from the publisher and the cover is not hard.

Inmates may not receive newspapers.

Mail received for persons no longer in custody will be returned to the sender.

## OUTGOING MAIL

Outgoing privileged correspondence may not be opened or inspected by members of the jail staff.

Non-privileged correspondence must be given to the jail staff unsealed for mailing so that the envelope might be inspected for contraband or other illegal contents.

Any outgoing mail that is rejected will be returned to the inmate.

With regard to illegal material or the confiscation of outgoing mail, the same procedure

# INMATE CORRESPONDENCE

Date Issued: May 1, 1999　　　　　　　　　　　　　　　　　　　Policy Number: E-601

should be followed as with incoming mail as listed above.

All correspondence from an inmate must include the inmate's name and return address on the outside of the envelope as follows:

> Name of Inmate and Inmate Number
> Houston County Jail
> 164 North Oates Street
> Dothan, AL 36303

ACJS 6-009, 6-011, 6-013, 6-014, 6-015, 6-016

Houston County Jail
Policy and Procedure Directive

# ATTORNEY VISITATION

Date Issued: May 1, 1999                    Policy Number: E-502

## POLICY:

It is the policy of the Houston County Jail that attorney visitation will be governed in a manner which will help to ensure privacy, safeguard the rights of the inmates, and to help ensure safety and security for the jail.

## DEFINITION:

The use of the word "attorney" refers not only to a licensed attorney but also to any authorized representative (investigator, paralegal, agent, etc.) of that particular attorney.

## PROCEDURE:

An inmate will be permitted to visit privately with his/her attorney of record except during meal times or when security needs dictate otherwise.

Attorney visits during meal times or during any other time which might significantly disrupt jail activities or procedures must be authorized by the Sheriff or Jail Administrator.

Visits between inmates and attorneys will take place in a private area to be designated by the Jail Administrator.

Visits between attorneys and inmates may be supervised visually by the jail staff.

Conversations between attorneys and inmates are PRIVILEGED COMMUNICATIONS and may not be heard by any member of the jail staff unless the attorney requests, in writing, the staff member's presence for security reasons.

If an attorney presents himself/herself at the jail for the purpose of visiting an inmate and that attorney is not known to the jail staff, proper picture identification is required before the attorney will be admitted to the jail.

Any attorney visiting any inmate in the jail is not permitted to bring any packages, materials or letters other than those legal materials pertaining to the inmate's criminal/civil case to the inmate.

Any attorney visiting any inmate in the jail is not permitted to take any packages, materials

**EXHIBIT J**

Houston County Jail
Policy and Procedure Directive

# ATTORNEY VISITATION

Date Issued: May 1, 1999                                    Policy Number: E-502

or letters out of the jail on behalf of the inmate, except those legal materials pertaining to the inmate's criminal/civil case.

Recording devices, brief cases, attache cases, cameras, and other containers brought to the jail by an attorney will be inspected for contraband upon entering and leaving the jail. Under no circumstances will the contents of any of the above be listened to, read, or inspected in such a manner so as to afford any jail staff member any particular knowledge of the subject matter contained therein.

No item, except for illegal substances or items (e.g. illegal drugs, weapons, explosives, etc.) in an attorney's possession shall be confiscated by jail staff. If any Class B contraband or any other prohibited item is observed by a jail staff member, the attorney will be advised and will not be allowed to take such an item into or out of the attorney/inmate interview. A full report of such discovery will be made in writing to the Jail Administrator.

Any inquiries by attorneys as to operational and administrative procedures involving inmates should be submitted in writing to the Jail Administrator.

ACJS 6-002

# INMATE EXERCISE

Date Issued: May 1, 1999                                              Policy Number: E-105

**POLICY:**

It is the policy of the Houston County Jail to provide exercise opportunities for inmates confined in the jail.

**PROCEDURE:**

Inmates in general population will be provided an opportunity for exercise at least once per week (security and weather permitting) as scheduled by the Jail Administrator.

Inmates in disciplinary segregation are not permitted to participate in regular programs outside their living units but are permitted one hour of exercise per day outside their living units. The exercise is permitted in day room only.

Outdoor exercise will not be scheduled under certain weather conditions, including:

> Rain, hail, sleet or snow.

> Sustained outside temperature below thirty-five degrees Fahrenheit.

> Sustained outside temperature at or above one hundred degrees Fahrenheit.

> Excess moisture on the ground as a result of previous rain, hail, sleet, snow or other causes.

Outdoor exercise will be supervised by jail staff employees or Sheriff's Deputies.

Male and female inmates will not participate in outdoor exercise in the same location at the same time.

Inmates are not required to participate in any exercise program although they are encouraged to do so.

Inmates are to be encouraged to utilize the indoor common areas (dayrooms) for walking and/or aerobic exercise at all times and especially in the event of inclement weather.

NOTE: As a general rule, inmates in general population are not placed in restraints for outdoor exercise. However, inmates in disciplinary segregation or who otherwise might

Page 1 of 2                                              **EXHIBIT K**

# INMATE EXERCISE

Date Issued: May 1, 1999 | Policy Number: E-105

pose an escape risk or a risk of harm to others may be placed in restraints for outdoor exercise as specified by the Jail Administrator.