IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LEWIS WILEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:05-cv-1156-MEF |
| | ) WO |
| LAMAR GLOVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This cause is before the Court on the Recommendation by the Magistrate Judge that the Defendants' pending motion for summary judgment should be granted and on Plaintiff's objections to that recommendation. The Court agrees with the Report and Recommendations and writes separately only to further address the objections to the extent that they raise issues not previously argued or addressed. Plaintiff relies in his objection on The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 200cc-1. This reliance is misplaced because he did not invoke this statute in any way in either his Complaint or his Amended Complaint.[1] Thus, any reference to RLUIPA in his objections provides no basis

---

[1] Plaintiff did invoke RFRA, but this does not create a claim separate from Plaintiff's First Amendment claim because RFRA is not applicable to the Complaint filed in this case. "In *City of Boerne v. Flores,* 521 U.S. 507, 536, 117 S.Ct. 2157, 2172, 138 L.Ed.2d 624 (1997), the Supreme Court held that the RFRA was unconstitutional as applied to the states because it exceeded Congress's power under § 5 of the Fourteenth Amendment. Thus, the RFRA does not apply to state regulations or state actors." *Brunskill v. Boyd*, 141 Fed. Appx. 771, 775 (11th Cir. 2005). The Defendants in this case are considered state actors both in both their daily operation of the Houston County Jail and in establishing policies/regulations for the jail. *See, e.g., Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998) (Under all facets of Alabama law, a county sheriff and his jailers act exclusively as state officicals "when supervising inmates and otherwise operating the county jails."); *see* Ala. Const. Art. V, § 112 (designates sheriff as member of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of

for relief.

For the foregoing reasons and after an independent review of the file, it is the ORDER, JUDGMENT and DECREE of the Court that:

1. The Plaintiff's objection (Doc. #46) to the Recommendation of the Magistrate Judge filed on December 1, 2008 is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. #37) filed on September 3, 2008 is ADOPTED;

3. All claims against Houston County Jail Staff are DISMISSED with prejudice.

4. The Motion for Summary Judgment and the supplemental Motion for Summary Judgment (Doc. # 14 and Doc. # 32) filed on behalf of the properly named Defendants are GRANTED.

5. Judgment shall be entered in favor of all Defendants and against Plaintiff and all claims against all properly named Defendants are DISMISSED with prejudice.

6. Costs shall be taxed against Plaintiff.

7. This case having been dismissed with prejudice with respect to all claims against all Defendants, the Clerk of the Court shall close this file.

8. A separate final judgment will be entered consistent with this Order.

DONE this the 9th day of January, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

the State).  Accordingly, even if the Court construes the complaint to allege a violaiton of RFRA, such claim is without merit and provides no basis for relief to the plaintiff.